IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**          Case No. 3:18 CV 86

    Plaintiff,          Judge James G. Carr

    v.          Magistrate Judge James R. Knepp, II

**$46,340.00 IN U.S. CURRENCY,**

    Defendant.          REPORT AND RECOMMENDATION

### INTRODUCTION

On January 11, 2018, pursuant to 21 U.S.C. § 881(a)(6), the United States of America ("Plaintiff") filed a Verified Complaint in Forfeiture (Doc. 1), and took custody of $46,340.00 in seized funds ("Defendant funds") on January 12, 2018 (Doc. 3). Claimant George Abernathy ("Claimant") filed a Verified Claim to the funds on February 9, 2018 citing an "absolute and unqualified ownership interest". (Doc. 4, at 1). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Currently pending before the Court is Plaintiff's Motion to Strike Claimant's Verified Claim and Grant Summary Judgment. (Doc. 17). Claimant has not filed a response.

For the reasons discussed below, the undersigned recommends Plaintiff's Motion (Doc. 17) be GRANTED.

**BACKGROUND**

Viewing the facts in the light most favorable to Claimant, the background of this case is as follows:

*Search Warrant and Currency Seizure*

On two separate occasions in June 2017, the Drug Enforcement Administration ("DEA") used a confidential source ("CS") to meet with Claimant inside a residence at 610 Waverly Avenue in Toledo, Ohio. (Doc. 17-1, at 2). The DEA used audio and video recording equipment to document both encounters. *Id*. During the first meeting, Claimant and the CS were recorded discussing the quantity, quality, and price of cocaine/crack that Claimant possessed. *Id*. at 2-3. Two weeks later, during the second meeting, an unidentified third party led Claimant into the back door of 610 Waverly Avenue. *Id*. at 3. Once inside, the CS observed Claimant holding a glass jar containing a white substance. *Id*. Claimant and the CS discussed what the contents of the jar were "going for". *Id*. When the CS asked for a sample, Claimant declined, stating it was from a different batch than what he would be selling the CS in the future. *Id*.

On June 30, 2017, Special Agent Mike Noel obtained a search warrant for 610 Waverly Avenue. *Id*. He executed the warrant on July 5, 2017. *Id*. During the search, agents recovered a quantity of an unknown white powdery substance, and a "small" quantity of marijuana. *Id*. at 4. Agents also recovered several items commonly used for packaging narcotics including: a digital scale (which had cocaine residue on it), suitcases containing gallon-size Ziploc bags, and plastic storage containers (some containing marijuana residue, and others with a white powdery residue inside). *Id*. Agents also recovered the Defendant funds (totaling $46,340.00) during the search from the following places:

(a) $2,000.00 on top of a dresser in the master bedroom;

    (b) $4,100.00 in an office desk;

    (c) $40,090.00 in an office safe; and

    (d) $150.00 in a kitchen drawer.

*Id*. Agent Noel found an additional $2,000.00 inside of a ledger book as he took inventory of the evidence seized from the home. *Id*. Following the seizure, a drug detection K-9, handled by the Ohio Bureau of Criminal Investigations, was used to sniff the currency. *Id*. The K-9 gave a positive alert for the presence of narcotics. *Id*.

    *Discovery*

On May 30, 2018, Plaintiff and Claimant attended a Case Management Conference. (Doc. 11, at 1). There, the Court ordered the parties to make initial disclosures in accordance with Federal Civil Rule 26(a) by June 29, 2018. *Id*. Prior to the deadline, Plaintiff provided Claimant with its initial disclosures, including redacted investigation reports, photographs, and audio and video recordings of the meetings. (Doc. 17, at 3-4). The same day, Plaintiff served Claimant with interrogatories, requests for production, and requests for admission pursuant to Civil Rules 33, 34, and 36; these were completed by Claimant and returned to Plaintiff on August 1, 2018. *See* Doc. 17-2. Claimant's written response to each question or request was: "The Claimant refuses to answer on the basis of his Fifth Amendment Rights". *See id.* Claimant also did not provide Plaintiff with any initial disclosures. (Doc. 17, at 4).

                        **STANDARD OF REVIEW**

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. Further, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *See* Fed R. Civ. P. 56(c)(3) (noting that the court "need consider only the cited materials"). The fact that the motion for summary judgment is unopposed does not relieve the Court of the task of determining whether a material factual dispute exists. *United States v. Crooksville Coal Co., Inc.*, 560 F. Supp. 141, 142 (S.D. Ohio 1982) (citing *Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979)).

## DISCUSSION

In its motion, Plaintiff argues Claimant has not met his burden to establish the Article III standing necessary to pursue the Defendant funds. (Doc. 17, at 1, 10). For the reasons discussed below, the undersigned agrees, and finds Claimant's ownership claim, together with his answers to Plaintiff's interrogatories, are insufficient to establish standing.

Standing is a threshold matter. As in any federal lawsuit, a forfeiture claimant must have Article III standing to move forward with litigation. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a claimant must show (1) he suffered an "injury in fact"; (2) there is a "causal connection between the injury and the conduct complained of"; and (3) a likelihood "the injury will be redressed by a favorable decision". *Id*. (internal quotation marks

omitted). Importantly, a claimant's injury must be "concrete and particularized", and "actual or imminent, not 'conjectural or hypothetical'". *Id*. (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). "Each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id*. at 561.

In civil *in rem* forfeiture cases, "a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property." *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998). If established, a colorable ownership or possessory interest satisfies Article III's standing requirement because the claimant "suffer[ed] an injury which could be redressed, at least in part, by the return of the seized property." *Id*.

Further, special rules governing pleadings, discovery, and motion practice in *in rem* forfeiture actions are found in Rule G of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions (the "Supplemental Rules"). At issue here, are Rules G(6) (*Special Interrogatories*), and G(8)(c) (*Motions*). Specifically, Supplemental Rule G(8)(c) provides:

> (i) At any time before trial, the government may move to strike a claim or answer:
>   (A) for failing to comply with Rule G(5) or (6), or
>   (B) because the claimant lacks standing.
>
> (ii) The motion:
>   (A) must be decided before any motion by the claimant to dismiss the action; and
>   (B) may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of evidence.

Supplemental Rule G(8)(c)(i)-(ii). Rule G(6)(a) permits the government to "serve special interrogatories limited to the claimant's identity and relationship to the defendant property". The

purpose of the rule is "to permit the government to file limited interrogatories at any time after the claim is filed to gather information that bears on the claimant's standing." Rule G, 2006 Advisory Committee Notes (subdivision 6).

Here, Claimant has only attempted to establish an interest in the Defendant funds though a general claim of ownership in his Verified Claim. (Doc. 4, at 1). He asserts, under oath, that he "was in sole, and exclusive possession of each of these monies when it was unlawfully removed from my exclusive possession and control." *Id*. As the Sixth Circuit recently held, "*at the pleading stage*, a verified claim of ownership is sufficient to satisfy Article III and the procedural requirements of Rule G." *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 351 (6th Cir. 2018) (emphasis added).

As the saying goes, possession is nine-tenths of the law. However, "[w]hen confronted with mere physical possession of property as a basis for standing, [courts] require some explanation or contextual information regarding the claimant's relationship to the seized property." *$515,060.42 in U.S. Currency*, 152 F.3d at 498 (citing *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1058 (9th Cir. 1994)). With *in rem* actions, "the assertion of simple physical possession of property as a basis for standing must be accompanied by factual allegations regarding how the claimant came to possess the property, the nature of the claimant's relationship to the property, and/or the story behind the claimant's control of the property." *Id*. In other words, broadly declaring a relationship to the funds is not enough. *Id*. Here, Plaintiff attempted to obtain such information from Claimant through interrogatories. (Doc. 17-2, at 2-3) ("[s]tate the interest you claim in the defendant currency and state each and every fact on which you base your claim . . . the date or time period you received the defendant currency. . . the identity of the person or entity from which you obtained the defendant currency."). However, Claimant's blanket

6

invocation of his Fifth Amendment right in response to each question fails to produce the critical link between two points – possession, and how he gained it. He has avoided providing any information regarding his relationship to, and acquisition of, the funds. Without interrogatory responses, Claimant is left standing only on his Verified Claim, which is (at best) a naked claim of possession – not enough to establish standing and survive summary judgment. *$515,060.42 in U.S. Currency*, 152 F.3d at 498.

Undoubtedly, a person found holding a bag of money in close proximity to a controlled substance is in an unfortunate predicament, and the Fifth Amendment plays an important role in the ensuing litigation. The Court recognizes there are not many things are more sacred in the law than an individual's right to avoid self-incrimination, even when answering interrogatories relating to a bag of money. Unfortunately, the shield cannot also act as the sword in these situations. *United States v. Certain Real Property 566 Hendrickson Boulevard,* 986 F.2d 990, 996 (6th Cir. 1993) ("Claimant cannot avoid completely his Rule 56 burden by merely asserting a Fifth Amendment privilege."). There, the Court finds the crux of Claimant's conundrum – a blanket invocation of his Fifth Amendment rights at the discovery phase is not enough to establish standing and survive summary judgment; the two concepts are interrelated – "without evidence of a claim of ownership, claimant cannot establish standing." *United States v. $99,500.00 in U.S. Currency*, 2018 WL 4510095, at *6 (N.D. Ohio).

As the Supplemental Rules dictate, a motion to strike may be presented by the government "at any time before trial", and "may be presented . . . by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of evidence." Supplemental Rule, G(8)(c)(i)-(ii). Claimant's refusal to answer interrogatories in this case has left him with an unexplained claim of possession which is insufficient to establish standing at the summary

judgment stage. *$99,500.00 in U.S. Currency*, 2018 WL 4510095, at *8. For these reasons, the undersigned recommends the Court strike Claimant's conclusory assertion of ownership in his Verified Claim.

## CONCLUSION

Claimant did not respond to Plaintiff's Motion to Strike and Grant Summary Judgment. Without evidence to support Claimant's position, and upon review of the record, the undersigned finds there is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law. As such, the undersigned recommends Plaintiff's Motion to Strike and Grant Summary Judgment (Doc. 17) be GRANTED.

  s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).