# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,                                    Case No. 3:18CV86

        Plaintiff

        v.                                                                **ORDER**

$46,340.00 in U.S. Currency,

        Defendant

       This is a forfeiture action seeking to recover funds that the DEA obtained during execution of a drug investigation-related search warrant. The claimant challenges the forfeiture. On referral to U.S. Magistrate Judge James R. Knepp, II, the Magistrate Judge has filed a Report & Recommendation (R&R) recommending that the claimant's claim be dismissed for want of standing. (Doc. 21).

       The claimant has filed an objection to the R&R. (Doc. 23). For the reasons that follow, I agree with the Magistrate Judge that the claimant has failed to establish his standing.

       In support of standing, the claimant has submitted a sworn, barebones affidavit that he was in lawful possession of the contested funds. He declines to provide any further information on the basis of his Fifth Amendment right not to incriminate himself.

       Well and good: but that it not enough. There is no apparent, much less submitted, reason why a person cannot provide proof of his lawful possession of funds with no jeopardy to his Fifth Amendment rights. There is nothing inconsistent with asserting, "I earned that money by working at XYZ company: here are my pay stubs," or "I own rental property at 1234 Nowhere

St., and here are my rent stubs," or "Here is a copy of my most recent 1040 income tax form, showing my lawful income and the taxes I paid."

No statement of that sort is incriminating; or, if, somehow it might be, the claimant has not shown how, hypothetically and in law, that might be so. Thus, simply saying, in effect, that "I don't have to show you how I lawfully possessed that money because the Constitution give me the right not to incriminate myself," is not enough to meet the claimant's burden to establish standing.

Alternatively, the claimant argues that the issue of the legitimacy of the seizure is as of yet unresolved. He argues, as well, that only small amounts of drugs – amounting to less than is indicative of personal use – was found.

True enough. But those contentions ignore the government's averments in the affidavit on which it based its warrant and ensuing right to search for and seize not just drugs, but related items as well. Which it did, finding and seizing, along with the cash at issue, a digital scale (a common implement in the drug distribution business) with trace residue and gallon baggies and plastic containers useful for packaging and distributing sizable quantities of drugs.

But it's not just what was found that supports, by a preponderance of the evidence now before the Court, the illegal nexus between those items and the large quantity of cash at issue here. There were as well meetings between the claimants and a confidential source (CS) that make manifestly clear that the subject was illegal drugs and their distribution.

The claimant acknowledges none of this evidence. Instead, he contends that he needs to take discovery (from, apparently, the CS) in order to make out his standing. Aside from the "informant's privilege" of *Rovario v. United States*, 353 U.S. 53 (1957), there is no reason to

apprehend that the CS could give us information as to any possible lawful source of the funds at issue.

In light of the foregoing, and based on my *de novo* review, I find no flaw in the Magistrate Judge's thorough, well-reasoned, and entirely well-founded Report & Recommendation. Accordingly, it is hereby

ORDERED THAT:

1. The claimant's objection (Doc. 23) to the Magistrate Judge's Report & Recommendation (Doc. 21) be, and the same hereby is overruled;

2. The Report & Recommendation be, and the same hereby is adopted as the Order of this Court; and

3. The funds at issue be, and the same hereby are, forfeited to the United States of America.

So ordered

/s/ James G. Carr
Sr. U.S. District Judge.